ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **GERSON ABDIEL PINTADO RIVERA**<br><br>Apelado<br><br>v.<br><br>**SYLVINA KAREN MICAMES CÁCERES**<br><br>Apelante | TA2026AP00442 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. MZ2025RF00625<br><br>Sobre: Divorcio Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2026.

La señora Sylvina Karen Micames Cáceres (señora Micames Cáceres o apelante) acude ante nos y solicita que revoquemos la *Resolución*[1] notificada el 31 de marzo de 2026, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Mediante la misma, entre otras cosas, el TPI ordenó a la apelante proveer una pensión alimentaria a razón de $360.46 quincenales a favor de sus dos (2) hijas, efectiva al 27 de octubre de 2025.

Por los fundamentos que exponemos a continuación, se revoca el pronunciamiento objetado.

**I.**

Según surge del expediente, el señor Gerson Abdiel Pintado Rivera (señor Pintado Rivera o apelado) y la señora Micames Cáceres

---

[1] Los dictámenes de alimentos y de custodia que modifican o intentan modificar los dictámenes previos, por haber ocurrido un cambio en las circunstancias, constituyen propiamente sentencias. Véase, *Figueroa v. Del Rosario,* 147 DPR 121, 129 (1998) y *Cortés Pagán v. González Colón*, 184 DPR 807 (2012). Ante ello, la apelación instada por la señora Micames Cáceres es el recurso adecuado para solicitar la revisión judicial de la *Resolución* emitida por el TPI.

son los progenitores de VPM y CPM, quienes en la actualidad tienen 16 y 14 años, respectivamente. En una *Sentencia* dictada el 14 de enero de 2026, luego de que el Tribunal escuchara el testimonio de las partes durante la vista en su fondo del divorcio celebrada el 16 de diciembre de 2025, y en su poder de *parens patriae*, concedió la custodia monoparental de las menores al señor Pintado Rivera de forma **provisional**. Ello, al concluir que existía un riesgo para las menores estando bajo la custodia de su madre por un alegado problema de alcoholismo.

El Tribunal mantuvo la patria potestad compartida. Además, determinó que: (1) el padre ostentaría la custodia monoparental de sus hijas hasta que la Unidad Social del Tribunal realizara la debida investigación y recomendara lo que procediera sobre la custodia permanente y (2) **las menores se irían con su padre el 17 de diciembre de 2025 a la salida de la escuela**. Se permitieron las relaciones maternofiliales en fines de semana alternos con ciertas condiciones.

En cuanto a la pensión alimentaria, el Tribunal expuso que, a esa fecha no se había establecido obligación a ninguno de los padres. Sin embargo, hizo constar lo siguiente:

> [E]l Demandante declaró que al presente no está proveyendo pago líquido alguno a la demandada en concepto de pensión alimentaria pero está proveyendo el Plan Médico a sus hijas, y que siendo un plan familiar, aún está incluida la demandada; que además realiza el pago de los celulares de sus hijas, estando también la demandada aún incluida en la cuenta; paga además, el cable TV y el Internet del hogar materno para beneficio de sus hijas, así como los gastos de alimentos y los gastos relacionados a las prácticas de volleyball de las menores, pues es éste quien las lleva a las mismas.

Luego de varias vistas ante la Examinadora de Pensiones Alimentarias (EPA), el 27 de marzo de 2026, esta recomendó que, tras la estipulación sometida por las partes, la pensión alimentaria se convirtiera en final. En consecuencia, dispuso lo siguiente:

(1) La Sra. Sylvina K. Micames Cáceres continuará pagando $720.92 dólares mensuales a razón de $360.46 dólares quincenales para beneficio de Valentina y Cecilia, ambas de apellidos Pintado Micames, de 15 y 13 años, **retroactiva al 27 de octubre de 2025**.

(2) La Sra. Micames efectuará el pago a través de la Administración para el Sustento de Menores (ASUME), en el caso número 0621887.

(3) La suma recomendada cubre la pensión alimentaria básica ($579.45) y el reclamo suplementario de vivienda ($141.46). Calculamos la obligación alimentaria considerando, para la pensión alimentaria básica, el ingreso neto que recibe la Sra. Micames, proveniente de una renta, a razón de $1,550.00 dólares mensuales.

(4) Para los reclamos suplementarios, consideramos el ingreso de la Sra. Micames y el ingreso del Sr. Pintado, a razón de $2,832.74 dólares mensuales.

(5) Como parte de su responsabilidad alimentaria, la Sra. Micames pagará el 100% de todos los gastos escolares (matrícula, mensualidad, libros, uniformes, cuotas).

(6) Además, pagará el 35.37% de los gastos médicos extraordinarios no cubiertos por el plan médico que provee el Sr. Pintado a las menores por conducto de su patrono. El Sr. Pintado tendrá 15 días para notificar la evidencia del pago de los gastos reclamados. Al recibo, la demandada Micames tendrá el mismo término para efectuar el pago.

(7) Recomendamos que la ASUME calcule el retroactivo y conceda un plan de pago para el saldo del balance acumulado.

Así las cosas, el 30 de marzo de 2026, el foro de instancia emitió una *Resolución* sobre la pensión alimentaria final, por medio de la cual acogió las recomendaciones de la EPA. En lo pertinente, estableció que la señora Micames Cáceres tenía una deuda por concepto de retroactividad computada desde el 27 de octubre de 2025. El Tribunal informó a la ASUME para que concediera un plan de pago hasta el saldo final.

En desacuerdo, la señora Micames Cáceres comparece ante este Tribunal en *Recurso de Apelación* y alega que el TPI cometió el siguiente error:

1. ERRÓ EL TPI DETERMINAR QUE LA PARTE DEMANDADA-APELANTE VIENE OBLIGADA A PAGAR UN RETROACTIVO DE ALIMENTOS DESDE

EL 27 DE OCTUBRE DE 2025, CUANDO PARA ESA FECHA Y HASTA EL 17 DE DICIEMBRE DE 2025 LAS MENORES SE ENCONTRABAN BAJO SU CUSTODIA Y ERA ESTA QUIEN CUBRÍA SUS NECESIDADES.

El 7 de mayo de 2026, emitimos *Resolución* y otorgamos al señor Pintado Rivera un término a vencer el 18 de mayo de 2026 para presentar su alegato. En vista de que ello no ocurrió y, transcurrido en exceso el plazo concedido, resolveremos la controversia que hoy nos ocupa sin el beneficio de su comparecencia.

**II.**

**A.**

Sabido es que, los casos relacionados con los alimentos de los menores están revestidos del más alto interés público y que en estos el norte es el bienestar del menor. *Ríos Figueroa v. López Maisonet*, res. 25 de agosto de 2025, 2025 TSPR 86; *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 535 (2009). La Constitución de Puerto Rico[2] establece que la obligación de los padres de alimentar a sus hijos menores de edad es parte del derecho a la vida. *De León Ramos v. Navarro Acevedo*, 195 DPR 157 (2016).

El Código Civil de Puerto Rico[3] regula los derechos que cobijan a los menores, entre ellos el derecho de alimentos. El Artículo 653 de dicho cuerpo legal define el término alimentos como:

> [T]odo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.
> Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.

> 31 LPRA sec. 7531.

---

[2] Art. II, Sec. 7, Const. ELA, LPRA, Tomo I.
[3] Código Civil de Puerto Rico, Ley Núm. 55-2020, según enmendada.

En el ámbito de los procedimientos legales para la imposición, revisión o modificación de una pensión alimentaria, la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501-529 (a), le exige al juzgador computar la misma mediante las *Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico*.[4]

La obligación de alimentar al menor es inherente a la maternidad y a la paternidad, por lo que recae sobre los obligados desde el momento en el que la relación filial queda establecida legalmente, independientemente de las fuentes de las cuales emana la obligación de alimentar. *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717-718 (2022) (citas omitidas); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 559 (2012).

La *Ley Orgánica de la Administración para el Sustento de Menores* y las *Guías Mandatorias* fomentan la uniformidad del principio de proporcionalidad. Al respecto, nuestro Tribunal Supremo expresó en *Díaz Rodríguez v. García Neris*, *supra*, pág. 719:

> A través de un descubrimiento de prueba amplio y compulsorio sobre la situación económica de las partes, las Guías permiten establecer de manera uniforme y equitativa la aportación monetaria de cada parte mediante criterios numéricos y descriptivos que toman en consideración los ingresos de los obligados y las necesidades de los menores. *De León Ramos v. Navarro Acevedo*, *supra*, pág. 170, *Santiago, Maisonet v. Maisonet Correa*, *supra*, pág. 564.

**B.**

Es sabido que, tanto las determinaciones de hechos, como la apreciación de la prueba, la adjudicación de credibilidad y el valor probatorio que le da el Tribunal de Primera Instancia a la evidencia presentada son merecedoras de gran deferencia. Su razón de ser

---

[4] Las Guías Mandatorias fueron emitidas de conformidad con el Artículo 19 de la *Ley Orgánica de la Administración para el Sustento de Menores, supra.*

estriba en que es el foro sentenciador el que ha tenido el beneficio de escuchar y observar el *demeanor* de los testigos. No obstante, dicho principio no es uno absoluto, toda vez que se ha establecido que cuando los foros apelativos percibimos la existencia de pasión, prejuicio, parcialidad o error manifiesto no estamos compelidos a guardar esta norma de abstención. *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 793 (2020).

En otras palabras, solo podremos inmiscuirnos en las determinaciones de hechos cuando la apreciación de la prueba no represente el balance racional, justiciero y jurídico de la totalidad de la prueba. *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).

**III.**

En el caso de referencia, durante la vista en su fondo de divorcio, celebrada el 16 de diciembre de 2025, el Tribunal de Primera Instancia concedió la **custodia monoparental provisionalmente** al señor Pintado Rivera. A su vez, determinó que las menores VPM y CPM se irían con su padre desde el 17 de diciembre de 2025. Posteriormente, el TPI acogió las recomendaciones de la EPA y estableció la pensión alimentaria final, a ser efectiva desde el **27 de octubre de 2025**.

En su recurso, la señora Micames Cáceres impugna la determinación del Tribunal de hacer retroactiva la fecha de efectividad de la pensión alimentaria al 27 de octubre de 2025. Esboza que la decisión apelada concede al señor Pintado Rivera un retroactivo de alimentos excesivo e improcedente en derecho, porque este no ostentaba la custodia de las menores para dicha fecha. Hace hincapié en que, por el contrario, a esa fecha, las menores se encontraban bajo su custodia, viviendo bajo su techo y era ella quien cubría sus necesidades. Añade que las menores, por orden del TPI, fueron puestas bajo custodia del padre de manera provisional el 17

de diciembre de 2025. Así, esgrime que es a partir de esa fecha que debió ser computado el retroactivo y no desde el 27 de octubre de 2025. Por ende, nos invita a revocar el pronunciamiento impugnado.

Analizado el expediente con detenimiento, entendemos que el foro *a quo* erró al emitir su dictamen. Bajo las circunstancias particulares que presenta el caso, lo más adecuado y conveniente es que la pensión alimentaria final de $360.46 quincenales, establecida por el TPI el 30 de marzo de 2026, se haga retroactiva al **17 de diciembre de 2025**, fecha desde la cual VPM y CPM están bajo el cuidado completo del señor Pintado Rivera.

En conclusión, con el objetivo de evitar un fracaso de la justicia, procede revocar la decisión apelada.

**IV.**

Por los fundamentos expuestos, se revoca la *Resolución* apelada, a los efectos de establecer que la fecha de retroactividad de **la pensión alimentaria final** a ser pagada por la señora Micames Cáceres será el **17 de diciembre de 2025**. Se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones